WILLIAM B. LE ROY AND OTHERS, APPELLANTS, v. ANNE BROWNE AND MARY J. LEVY, RESPONDENTS.

*Costs — in an action to abate a nuisance and for damages — taxation of costs without an order of the court — appeal from the judgment not a bar to a motion for a retaxation of the costs.*

In an action brought for the abatement of a nuisance and the recovery of damages, the plaintiffs were nonsuited ; no award of costs was asked by the defendants and none was made, but judgment was entered by the defendants for costs without any notice to the plaintiffs ; a notice of retaxation having been given, both parties appeared before the clerk, who, after consideration and on April eleventh, taxed the costs for defendants as proposed. On April thirteenth the plaintiffs, without knowing that the clerk had adjusted the costs, served on the defendants' attorneys a notice of appeal from the judgment.

Upon an appeal from an order denying a motion to readjust the taxation of costs by disallowing the same:

*Held*, that the general rule, that a party taking an action which implies the regularity of some previous action of the opposite party, waives his objection to its irregularity, was intended to promote fair practice and should be fairly applied, and did not defeat the plaintiffs' motion in this case.

That the plaintiffs' motion was the proper mode of appeal from the adjudication of the clerk, and that the appeal from the judgment and from the clerk's adjudication were not inconsistent with each other, as both were steps taken to protect the plaintiffs' rights.

APPEAL by the plaintiffs from an order made at a Special Term held in Albany county, which was entered in the office of the clerk of Albany county on the 12th day of September, 1889, denying plaintiffs' motion for a readjustment of costs herein, by striking out the same from the judgment in the action, upon the ground that the defendants were not entitled to costs in the absence of an order of the court.

*J. F. Crawford*, for the appellants.

*Doyle & Fitts*, for the respondents.

LANDON, J. :

The complaint charged the defendants with maintaining a nuisance, and demanded judgment, that the same be abated and for damages. Upon the trial the plaintiff's were nonsuited, but no award of costs was asked by the defendants, and none was made. Costs are not allowed as " of course," but only upon the award of the court in such an action, and the defendants were irregular in entering them in their judgment. The judgment was entered for the defendants, with $138.93 costs, March 16, 1889, without notice to plaintiffs. Notice of retaxation was thereupon given and both parties appeared before the clerk March 23, 1889, the plaintiffs opposing the taxation upon the ground that costs had not been awarded the defendants. The matter was adjourned until April 2, 1889. The clerk took the matter under advisement, and on April 11, 1889, taxed the costs for defendants as proposed. April 13, 1889, the plaintiffs, without knowing that the clerk had adjusted the costs, served upon defendants' attorneys a notice of appeal from the judgment as entered March 15, 1889, which notice recited the judgment to be for non-suit and for $138.93 costs. The general rule is that when a party takes such action in a case as implies the regularity of some previous action of the opposite party, he waives his objection to its irregularity.

The rule is intended to promote fair practice, and should be fairly applied. We do not think it ought to defeat the plaintiff's motion in this case. At the first opportunity to object to the defendants' claim for costs the objection was made, and was supposed by the plaintiff's attorney to be still held under advisement by the clerk, when in order to be timely with his appeal from the judgment of nonsuit he served notice of appeal from it. He should not be held to have waived his objection when his action from the outset is consistent with his persistence in it. The plaintiffs' motion was the proper appeal from the adjudication of the clerk. The appeal from the judgment and from the clerk's adjudication were not inconsistent, both were steps to protect the plaintiffs' rights. (*Kerr* v. *Dildine*, 15 N. Y. St. Rep., 616 ; *Peart* v. *Peart*, 15 id., 476.) We think the case plainly distinguishable from *Guckenheimer* v. *Angevine* (16 Hun, 453), and *Pfaudler Company* v. *Sargent* (43 Hun, 154).

We reverse the order, with costs, and grant the motion without costs, and without prejudice to such motion for costs as the defendants may be advised to make.

LEARNED, P. J., and FISH, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and order striking out costs granted, without costs, and without prejudice to defendants to apply to the court for costs as they may be advised.